IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KIRK ANDERSON,<br><br>    Defendant. | Case No. CR08-1332<br><br>ORDER FOR PRETRIAL DETENTION |

On the 12th day of January, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Rick Lee Sole.

## RELEVANT FACTS

On December 17, 2008, Defendant Kirk Anderson was charged by Indictment (docket number 1) with two counts of distributing and aiding and abetting the distribution of crack cocaine (Counts 1 and 2) and with one count of conspiracy to distribute 50 grams or more of crack cocaine within 1,000 feet of a school, after having previously been convicted of a felony drug offense (Count 3). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on March 9, 2009.

Deputy Gary Pape of the Dubuque County Sheriff's Office testified regarding the circumstances underlying the instant charges. On October 8, 2007, a confidential informant ("CI") who had been working with the Dubuque Drug Task Force agreed to cooperate in the controlled purchase of crack cocaine from Defendant. The CI called Defendant from the task force office and asked about the purchase of crack cocaine. Defendant allegedly told the CI to contact Baron "Mike" Hoskins. The CI contacted

1

Hoskins and subsequently purchased .51 grams of crack cocaine within 1,000 feet of a school.

On October 10, 2007, the CI again returned to the task force office and called Defendant under the supervision of officers. Defendant again told the CI to contact Hoskins. The CI then called Hoskins and subsequently purchased .52 grams of crack cocaine. Authorities attempted to record the phone calls on October 8 and October 10, but were apparently unsuccessful due to a mechanical malfunction.

According to Deputy Pape, the CI told officers that she had purchased crack cocaine from Defendant on two prior occasions. Following his arrest, Baron Hoskins spoke to officers and apparently said he had purchased large amounts of crack cocaine from Defendant. Similarly, Quantez Cribbs told authorities that he had purchased crack cocaine from Defendant on four or five occasions during the fall of 2007, for a total of 30-40 grams. A female associate of Defendant told the officers that she distributed crack cocaine for Defendant and if she ran out, she would call Defendant at work and he would advise her on where the crack cocaine could be found in his house. Shaun Purnell also told authorities that he purchased crack cocaine from Defendant for resale. Other persons told authorities that they purchased crack cocaine from Defendant for personal use.

Defendant is 46 years old. He is not married, but has two children, ages 21 and 1. Defendant's parents are deceased, but he has eight siblings, all of whom reside in Dubuque, Iowa. If Defendant was released prior to trial, he would return to Dubuque and live with his girlfriend.

Defendant takes medication for ulcers and "problems with his colon." He was diagnosed with depression and was prescribed Prozac while in the custody of the Bureau of Prisons. Defendant apparently threatened to commit suicide in December 2007 and was hospitalized shortly before his last incarceration.

In 1987, Defendant was convicted in Cook County, Illinois, of manufacturing/delivery of a controlled substance. He initially received probation, but his probation was revoked in 1990 and he was sent to prison for approximately six months.

In 1992, Defendant was charged in Iowa with two counts of delivery of a controlled substance near a public park or playground. He was convicted in June 1993 and sentenced to ten years in prison. Defendant was paroled in October 1996.

In February 1997, Defendant was charged in the Northern District of Iowa with a drug conspiracy. In November 1997, Defendant was sentenced to serve 180 months in prison, followed by 8 years of supervised release. Defendant was released from prison in December 2005 and lived in a halfway house in Dubuque until March 2006. From March 2006 until December 2007, Defendant lived in an apartment with his girlfriend in Dubuque. Defendant's supervised release was revoked due to repeated drug usage, however, and Defendant was incarcerated from December 2007 until December 2008. Defendant was then taken into custody on the instant charges.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the

3

community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with two counts of distributing and aiding and abetting the distribution of crack cocaine and with conspiracy to distribute 50 grams or more of crack cocaine within 1,000 feet of a school, after having previously been convicted of a felony drug offense, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with two counts of aiding and abetting the distribution of crack cocaine and one count of conspiracy to distribute 50 grams or more of crack cocaine within 1,000 feet of a school. Since the Court has only heard from one side, it is difficult to determine the weight of the evidence against Defendant. Apparently, however, there are numerous witnesses who will testify that they conspired with Defendant to distribute crack cocaine. Defendant has been convicted of similar charges in 1987, 1993, and 1997. If convicted on the instant charges, Defendant would face a mandatory minimum 20-year prison term, with a possibility of a mandatory life sentence. Defendant was on supervised release when these charges were allegedly committed in the fall of 2007.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 8, 2009) to the filing of this Ruling (January 12, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 12th day of January, 2009.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA